O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, <br><br> Defendant. | Case No.  2:19-cv-10884-SP <br><br> MEMORANDUM OPINION AND ORDER |

## I.

## **INTRODUCTION**

On December 26, 2019, plaintiff Armando H., proceeding pro se, filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking review of a denial of supplemental security income ("SSI").  The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents two issues for decision: (1) whether the Administrative Law Judge ("ALJ") failed to fully and fairly develop the record, and (2) whether

the residual functional capacity ("RFC") determination made by the ALJ was supported by substantial evidence. Plaintiff's Memorandum in Support of Complaint ("P. Mem.") at 1-3.

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ failed to fully and fairly develop the record. Because this error affected all subsequent steps of the ALJ's analysis, the court does not reach the second issue plaintiff raises. The court therefore reverses the decision of the Commissioner denying benefits and remands the matter for further administrative action consistent with this decision.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 21 years old on the alleged disability onset date and 38 years old on the application date, has a GED. AR at 46, 49. Plaintiff has no past relevant work. AR at 17, 30, 38.

Plaintiff previously filed for and was granted SSI benefits on September 20, 2003 due to his mental health issues. AR at 38, 235. Those benefits were terminated in December 2008, when plaintiff was incarcerated. AR at 38-39, 235.

On December 4, 2014, plaintiff filed the instant application for SSI, alleging an onset date of March 6, 1997.[1] AR at 46. Plaintiff claimed he suffered from delusional psychosis, severe depression, anxiety, and post traumatic stress disorder. *Id.* Plaintiff's application was initially denied on January 27, 2015, and upon reconsideration on July 7, 2015. AR at 55, 69-70.

On July 23, 2018 and September 19, 2018, plaintiff appeared without

---

[1] In July 2018 plaintiff testified he was again incarcerated and had been for "almost a year and a half." AR at 37. It therefore seems plaintiff was not incarcerated when he filed for SSI in 2014.

representation and testified at hearings before the ALJ. AR at 26-32, 36-39, 41-45. The ALJ also heard testimony from medical experts Kweli J. Amusa, M.D. and Glenn Griffin, Ph.D., and vocational expert Kenneth Ferra. AR at 28, 30-31, 39-41. The ALJ denied plaintiff's claim for benefits on September 27, 2018. AR at 11-18.

Applying the well-established five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since December 4, 2014, the application date. AR at 13.

At step two, the ALJ found plaintiff suffered from the following severe impairments: mood disorder, schizophrenia, history of polysubstance abuse, and manipulative antisocial personality traits. *Id.* The ALJ also considered mentions in the medical records of hypertension and musculoskeletal fractures and injuries resulting from a car accident in 2016, but determined they were nonsevere and did not create additional limitations on plaintiff's capacity to work. *Id.*

At step three, the ALJ found that plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR at 14.

The ALJ then assessed plaintiff's RFC,[2] and determined he had the ability to perform a full range of work, but with nonexertional limitations to: simple repetitive tasks, no public contact, and no more than occasional contact with coworkers or supervisors. *Id.*

At step four, the ALJ determined plaintiff had no past relevant work. AR at

---

[2] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 nn.5-7 (9th Cir. 1989) (citations omitted). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

17.

At step five, the ALJ determined that, based upon plaintiff's age, education, work experience, and RFC, plaintiff could perform jobs that exist in significant numbers in the national economy, including cleaner, housekeeper, packager, and mail clerk. AR at 17-18. Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act. AR at 18.

Plaintiff filed a request for review of the ALJ's decision, but the Appeals Council denied the request for review on August 24, 2019. AR at 1. Accordingly, the ALJ's decision became the final decision of the Commissioner.

## III.
## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration ("SSA") must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035 (citation omitted). Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citations omitted); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports

and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Aukland*, 257 F.3d at 1035 (cleaned up). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "may not substitute its judgment for that of the ALJ." *Id.* (cleaned up).

## IV.

## DISCUSSION

Plaintiff, proceeding pro se, primarily seems to argue the ALJ's RFC determination was not supported by the evidence in the record. P. Mem. at 2-3. But he also argues the ALJ failed to fully and fairly develop the record. P. Mem. at 2, Reply at 2. Specifically, plaintiff argues that the ALJ should have reviewed evidence of his prior SSI benefits that were terminated during his incarceration, as well as the medical records underlying the grant of those benefits. *Id.* The court agrees, and therefore does not reach the issue of whether the evidence that was in the record supports the RFC determination.

"The Supreme Court has held that applicants for social security disability benefits are entitled to due process in the determination of their claims." *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir. 2001) (citing *Richardson v. Perales*, 402 U.S. 389, 398, 401-02, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). This includes the right to a full and fair hearing. *See McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (as amended) ("The ALJ has a duty to conduct a full and fair hearing."); *Oritz v. Colvin*, 2013 WL 2468256, at *1 (C.D. Cal. June 6, 2013); *see also Hepp v. Astrue*, 511 F.3d 798, 804 (8th Cir. 2008).

When the record is ambiguous, the Commissioner has a duty to develop the record. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *see also Mayes*, 276 F.3d at 459-60 (ALJ has a duty to develop the record further only "when there

is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence"). Generally, the ALJ fulfills this duty by making a reasonable attempt to obtain additional medical evidence from the claimant's treating sources, ordering a consultative examination where the medical evidence is incomplete or unclear, or subpoenaing the claimant's physicians or their records. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). When there is evidence of a mental impairment or the claimant is unrepresented, this duty to develop is "heightened." *Id.* Agency regulations require that the ALJ "develop [a claimant's] complete medical history for at least the 12 months preceding the month in which [they filed their] application unless there is a reason to believe that development of an earlier period is necessary." 20 C.F.R. § 416.912(b)(1).

      Courts have held that evidence in the record of a plaintiff's previous benefits award gives an ALJ reason to believe it necessary to develop a full medical record predating the current application by more than one year. *See, e.g.*, *Jabbar M. v. Comm'r of Soc. Sec.*, 2021 WL 4399110, at *6 (W.D. Wash. Sept. 27, 2021) (finding plaintiff's prior disability determination was "significant, probative evidence relevant to Plaintiff's current claim" and that the ALJ erred by failing to consider it); *Xun v. Colvin*, 2015 WL 11492559, at *4-6 (N.D. Cal. May 29, 2015) (same); *Kimmins v. Colvin*, 2013 WL 5513179, at *7-9 (N.D. Cal. Oct. 4, 2013) (same); *Avidano v. Astrue,* 2012 WL 1110019, at *4-6 (N.D. Cal. Mar. 31, 2012) (same). While there is no presumption of continuing disability when a plaintiff reapplies more than a year after a prior termination of benefits, evidence relating to that prior award may be "highly relevant," potentially enough so that it "must at least be considered by the ALJ." *Xun*, 2015 WL 11492559, at *5.

      Here, the record contained evidence that plaintiff previously received SSI benefits. Plaintiff's disability report, dated December 9, 2014, shows he received benefits from September 20, 2003 to December 2008. AR at 235. In his hearing

testimony, plaintiff testified that he received social security benefits for mental health impairments, specifically schizophrenia and depression, in the early to mid 2000s. AR at 38-39. He further testified these benefits stopped when he became reincarcerated in 2008. *Id.*; *see Beck v. Thompson*, 2012 WL 3027999, at *2 (E.D. Cal. July 24, 2012) ("The Ninth Circuit has ruled that suspension of benefits during incarceration is mandatory pursuant to 42 U.S.C. § 402(x). After 12 months of continuous suspension, benefits are terminated and are not automatically reinstated upon release from prison." (citation removed)). Plaintiff also noted his benefits history in a claimant correspondence dated December 24, 2018. AR at 317. The "clear references to this evidence" should have given the ALJ "reason to believe that the development of a full medical record was necessary to obtain the proper longitudinal picture of Plaintiff's mental impairment before a disability determination could be made." *Xun*, 2015 WL 11492559, at *5.

The agency's finding that plaintiff was disabled from 2003 to 2008, "while not necessarily probative of his condition" after that, nonetheless "establishes that Plaintiff has a lengthy history of mental health problems" that were "previously sufficient to result in a finding of disability," and that he "might still have been found to meet the SSA's criteria for disability had he not been incarcerated." *Jabbar M.*, 2021 WL 4399110, at *6. But here the ALJ did not consider the medical information underlying plaintiff's previous award, attempt to obtain additional evidence regarding that award, or provide an explanation for declining to consider plaintiff's benefit history. *See, e.g.,* AR at 15-17. The ALJ's duty to develop the record was heightened due to the evidence of plaintiff's mental impairments and his being unrepresented in this matter. *Tonapetyan*, 242 F.3d at 1150. For these reasons, the ALJ "effectively ignored potentially relevant medical evidence without giving specific, legitimate reasons for doing so," thereby failing to develop the record. *Kimmins*, 2013 WL 5513179, at *9.

The court cannot determine whether the outcome of plaintiff's case would be the same had the ALJ avoided this error, "as it infected all of the ALJ's determinations throughout the sequential analysis." *Xun*, 2015 WL 11492559, at *6. As such, the court cannot say this error was harmless, and reversal is warranted.

## V.
## REMAND IS APPROPRIATE

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Typically, in accordance with the "ordinary remand rule," the reviewing court will remand to the Commissioner for additional investigation or explanation upon finding error by the ALJ. *Treichler v. Comm'r*, 775 F.3d 1090, 1099 (9th Cir. 2014). Nonetheless, it is appropriate for the court to exercise its discretion to direct an immediate award of benefits where: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinions; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (setting forth three-part credit-as-true standard for remanding with instructions to calculate and award benefits). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000). In addition, the court must "remand for further proceedings when, even though all conditions

of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, remand is required because the record must be more fully developed before a determination can be made as to whether plaintiff is disabled. On remand, the ALJ shall develop the record concerning plaintiff's prior disability benefits that were terminated as a result of his incarceration, as well as the underlying application and medical records in support of the claim. The ALJ shall then reassess plaintiff's RFC and proceed through step five to determine what work, if any, plaintiff is capable of performing.

## VI.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: September 30, 2022

SHERI PYM
United States Magistrate Judge

9